# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

AIGP CLIFTON GLEN LLC, *also known as* Clifton Glen, and PROVENCE REAL ESTATE,

        Plaintiffs,

v.

CALVIN BRANDON,

        Defendant.

1:18-cv-1360-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I.    BACKGROUND

Plaintiffs AIGP Clifton Glen and Provence Real Estate ("Plaintiffs") initiated a dispossessory proceeding against their tenant, Defendant Calvin Brandon ("Defendant") in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant, plus past due rent, utilities, late fees and costs.

On March 30, 2018, Defendant, proceeding *pro se*, removed the DeKalb

---

[1] No. 18D40606.

County Action to this Court by filing his Notice of Removal[2] and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. He claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Notice of Removal [1.1] at 1).

On April 2, 2018, Magistrate Judge Baverman issued his R&R [4] recommending that the Court remand this case to state court. Judge Baverman found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendant contends violates federal law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Baverman concluded that the Court does not have federal question jurisdiction over this matter. Judge Baverman also found that Defendant is citizen of Georgia ([1.2] at 1), which is the state the dispossessory proceeding was brought, and that the amount in controversy does not exceed the $75,000 jurisdictional threshold. Judge Baverman concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to state court.

There are no objections to the R&R.

---

[2] The filing is styled a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441 (B)."

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

Defendant does not object to the R&R's conclusions that Plaintiff's Complaint does not present a federal question and that the parties are not diverse. The Court does not find any error in these conclusions. It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003);

Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

---

[3] Even if subject-matter jurisdiction existed, the Court notes that it is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [4] is **ADOPTED**. The Clerk is **DIRECTED** to **REMAND** this action to the Magistrate Court of DeKalb County, Georgia

**SO ORDERED** this 6th day of June, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE